UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| REBECCA PETERSON<br><br>Plaintiff<br><br>vs.<br><br>CAPITAL MANAGEMENT SERVICES, LP<br><br>GALAXY ASSET PURCHASING, LLC<br><br>GALAXY PORTFOLIO MANAGEMENT, LLC<br><br>Defendant | Case Number<br><br>CIVIL COMPLAINT<br><br>JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Rebecca Peterson, by and through her undersigned counsel, Joshua Dubs, Esquire, complaining of Defendant, and respectfully avers as follows:

**I. INTRODUCTORY STATEMENT**

1. Plaintiff, Rebecca Peterson, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that Defendant maintains a principle place of business in this District.

## III. PARTIES

4. Plaintiff, Rebecca Peterson is an adult natural person residing at 213 Dreamcatcher Drive, Winchester, VA 22603.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Capital Management Services, LP ("Defendant, Capital Management"), at all times relevant hereto, is and was a limited partnership engaged in the business of collecting debt within the State of Virginia and the State of New York with its principal place of business located at 726 Exchange Street, Suite 700, Buffalo, NY 14210.

6. Defendant, Galaxy Asset Purchasing, LLC ("Defendant, Galaxy Asset"), at all times relevant hereto, is and was a limited liability corporation engaged in the business of collecting debt within the State of Virginia and the State of New York with its principal place of business located at 101 Convention Center Drive, Suite 700, Las Vegas, NV 89109.

7. Defendant, Galaxy Portfolio Management, LLC ("Defendant, Galaxy Portfolio"), at all times relevant hereto, is and was a limited liability corporation engaged in the business of collecting debt within the State of Virginia and the State of New York

with its principal place of business located at 101 Convention Center Drive, Suite 700, Las Vegas, NV 89109.

8. Defendants are engaged in the collection of debts from consumers using the telephone and mail. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

9. On or around March, 22, 2010, Plaintiff received a letter from the Defendant, Capital Management on behalf of the Defendant, Galaxy Portfolio regarding an alleged debt of $934.18 due to Applied Card Bank, f/k/a Cross Country Bank.

10. Plaintiff received a letter from the Defendant, Capital Management on behalf of their client, Defendant, Galaxy Portfolio dated March 24, 2010.

11. The letter from Defendant, Capital Management and referencing Defendant, Galaxy Portfolio was dated on March 24, 2010 which appeared to be fraudulent in nature to Plaintiff since there was no letterhead and the phone number was incorrect. **See Exhibit "A" attached hereto.**

12. Defendants letter failed to include a thirty day validation notice, therefore, Defendant violated 15 USC 1692g.

13. On or around the same date Plaintiff received the letter from Defendant, Capital Management and referencing Defendant, Galaxy Portfolio, Plaintiff received an automated voicemail from the Defendant, Capital Management which also stated an incorrect telephone number.

14. Plaintiff then did an online search of the Defendant, Capital Management to find the correct phone number for which she could make contact with the Defendant, Capital Management to inquire about the alleged debt in which the Defendant, Capital Management and Defendant, Galaxy Portfolio were trying to collect.

15. Once Plaintiff was able to make contact with the Defendant, Capital Management she spoke with an agent named, "Pam." "Pam" was professional at the start of the conversation but then became annoyed with Plaintiff when Plaintiff began asking, "Too many questions."

16. Plaintiff was then transferred by "Pam" to the Defendant, Capital Management's "manager" on duty, who created an urgency that the alleged debt be paid immediately, threatening Plaintiff, "If you really care about your credit, you need to have the settlement offer in our office on April 5, 2010."

17. When asked by Plaintiff, to whom the alleged debt was owed, the Defendant, Capital Management's "manager" responded that it was for Cross Country Bank from August 4, 1998.

18. Prior to receiving a letter from the Defendant, Capital Management and Defendant, Galaxy Portfolio on March, 22, 2010, Plaintiff was never notified of having such a debt and is unsure why the first contact would be eleven years later.

19. Plaintiff informed the Defendant, Capital Management that the alleged debt, which the "manager" stated was from 1998, was also addressed to Plaintiff's previous married name.

20. The Defendant, Capital Management then began asking Plaintiff for personal information which she did not feel comfortable doing since any information they would need, the Defendant should already have.

21. On or around March 26, 2010, Plaintiff sent a request for validation to the Defendant, Capital Management via certified mail, return receipt requested.  **See Exhibit "B" attached hereto.**

22. On or around March 29, 2010, Plaintiff received a letter from the Defendant, Capital Management acknowledging the letter from Plaintiff, stating that the Defendant requested information from their client, Defendant, Galaxy Asset and that the Defendant, Capital Management would forward the requested information once received. Plaintiff has not received anything to date.  **See Exhibit "C" attached hereto.**

23. Plaintiff regularly checks her credit report, as does her employer, to ensure that she is maintaining a positive credit history for employment purposes.

24. The Defendants knew or should have known that their actions violated the FDCPA.  Additionally, Defendants could have taken the steps necessary to bring their and their agents' actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

25. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendants herein.

26. At all times pertinent hereto, the conduct of Defendants as well as its agents, servants and/or employees, were malicious, intentional, willful, reckless,

negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

27.   As a result of Defendants' conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

28.   The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

29.   As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

30.   The Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I – FDCPA

31.   The above paragraphs are hereby incorporated herein by reference.

32.   At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

33.   The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(c): | After written communication that the consumer wants collector to cease communication |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(2): | Profane language or other abusive language |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(8): | Threatens or communicates false credit information, including the failure to communicate that a debt is disputed |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692f(1): | Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law |
| §§ 1692g: | Failure to send the consumer a 30-day validation notice within five days of the initial communication |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Capital Management Services, LP, Galaxy Asset Purchasing, LLC and Galaxy Portfolio Management, LLC for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V.  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**Date:  December 6, 2010**              **BY:  */s/  Joshua Dubs***
Joshua Dubs, Esquire

The Law Offices of Joshua Dubs
485 Michigan Avenue, Suite #5
Buffalo, New York 14203
716.854.2050  Fax: 716.852.0560
Attorney for Plaintiff